PER CURIAM.
Appellants, the defendants below, appeal from a final decree of foreclosure of a mechanic’s lien against their property. The lien arose from work done pursuant to a written contract between defendant-appellants and plaintiff-appellee.
The contract provided for the construction of a swimming pool, patio, and fence and for certain remodeling. The contract price was $4,500. When the work was allegedly completed the appellants refused to pay and appellee brought suit for foreclosure of its mechanic’s lien.
In answering the complaint, appellants plead failure of performance and illegality. The latter defense was predicated on appellee’s failure to secure a certificate of competency and a building permit for work other than construction of the pool, while the former defense was predicated on defective and “unworkmanlike” construction on the patio, fence and remodeling.
A pretrial conference was held although no pretrial order was formally entered.
It is plain from the record, however, that the sole issue formulated at the pretrial conference was, in the trial judge’s words:
“ * * * It is a question of whether it was performed, and if it was not, wa3 there any detriment to the property by not completing it.”
There apparently was also an agreement or stipulation that the trial judge would go go out and view the property. Subsequently there appears in the record a letter from the trial judge to counsel which is as follows:
“Re: POOLS BY TROPICANA, INC vs. LEMON
Chancery No. 23003
“Dear Sir:
“With reference to the above styled case, I would like to mention the fact that it was agreed between counsel that I go down and view the property involved which I did and heard all the testimony offered by the plaintiff and defendants and have this date finished reading briefs filed. I am now of the opinion that the plaintiffs should recover from defendants in the amount of $3800.00 as it would appear it would take approximately $700.00 to put this pool, patio, wall and porch in proper condition. I further believe that this being a Chancery proceeding each side should absorb their own costs and attorneys’ fees.
“You will please prepare an Order along the lines stated above and forward same to me and a copy to the defense counsel.
“Very truly yours,
“VASSAR B. CARLTON “CIRCUIT JUDGE”
The record that is brought before this court includes only the testimony of two *509 witnesses and apparently not of the entire hearing on the merits. In the absence of all of the testimony which was heard by the trial judge and considering his pretrial conference and his personal inspection of the property, we cannot say that there was any error in the proceedings below.
Affirmed.
KANNER, Acting C. J., ALLEN, J., and STURGIS, WALLACE, Associate Judge, concur.